SUMMERS, Justice
(dissenting).
The three tracts which are the subject of this expropriation proceeding are designated on the exhibits as parcels 1-1, consisting of 0.476 of an acre; parcel 1-2, consisting of 0.214 of an acre; and parcel 2-1, consisting of 20.271 acres. The Department of Highways offered a total of $13,150 for these three parcels.
The majority opinion recites that during the trial there was no contest regarding the amount deposited for taking the two smaller parcels. “In fact, it was stipulated that $690 was adequate therefor.” This is an error.
It is correct to say that the parties stipulated that there was no controversy about parcels 1-1 and 1-2, but the amount of $690 is not the amount stipulated. The trial court and the court of appeal each held that the value of two smaller parcels was $4,-139.50 and that also was not correct.
At the time of the stipulation, which was made by the attorney for the Department to avoid the necessity of any testimony concerning the value to parcels 1-1 and 1-2, the first witness called was testifying. He testified that the offer made by the Department for parcels 1-1 and 1-2 was satisfactory without giving the amount; and it is to determine what that offer was which is the problem presented.
Clearly that stipulation was based upon figures then available, fixed and determined between the parties.
What the Department offered for parcels 1-1 and 1-2 was the value of these two parcels as determined by its appraisers. The total appraisal or value of the three parcels was $13,500, and that is the amount which was deposited in a lump sum in the registry of the court as compensation at the time the suit was filed. There was no itemization of the valuation attributable to each of the three parcels involved.
In order to determine what portion of the $13,500 is attributable to parcels 1-1 and 1-2, inasmuch as these two parcels were not in controversy, it is necessary to resort to-the testimony of the Department’s experts relating to the parcel which is in controversy; and, by deducting their estimate of the value of the controverted parcel (2-1) from the total of $13,500, it will result that the difference is the value attributable to parcels 1-1 and 1-2 concerning which there was no controversy.
One of the Department’s own appraisers valued the 20.27 acre tract which is parcel 2-1 at $9,924.75. Deducting this figure from the total appraisal leaves a balance of $3,225.25 attributable to the remaining two parcels, 1-1 and 1-2. The Department’s other appraiser valued the 20.27 acre tract at $9,250.00. The difference between that amount and the total amount deposited is $3,900 which is attributable to parcels 1-1 and 1-2.
Although the area of parcels 1-1 and 1-2 is small, the high value attributable to these parcels is explained by the testimony which shows them to be lots on streets; and their valuation is based upon lot values, as distinguished from the valuation of the larger parcel 2-1, which is not similarly located and its best use was for other purposes.
*29 It seems quite clear, therefore, that the value stipulated upon by the litigants was not less than $3,225.25, the smallest amount attributable to parcels 1-1 and 1-2 at the time of the stipulation and a recognition by the majority that $690 was the stipulated amount is erroneous.
I am further of the opinion that the $1,-750 per acre value fixed by the court of appeal for 18 acres of parcel 2-1 was correct, as the facts warrant such a finding.
I respectfully dissent.